May 7, 2015

This document contains some pages that are of poor quality at the time of imaging.

Dear Clerk

Please bring to the courts attention the Mandamus and Affidavit Exhibit "A" indictment Concerning Cause No. 996316 Dist. Court 176th Harris County

## Rule 72   Extraordinary Matter

An Original writ issued by a higher court to command a Lower court to Perform a Particular duty

inforce the 176th Dist. Court to answer Appellant's Art. 11.05 habeas corpus which was filed On April 28, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 1 1 2015

Abel Acosta, Clerk

Sincerely Yours,

Robert K. Broulab

LL:

The State Of Texas
In The Court of Criminal Appeals
At Austin, Texas

In re Robert K. Boulds
      Relator,

VS.

Hon. Judge Stacy Bond
Criminal District Court No. 176th
Harris County, Texas
    Respondent.

Case No. 996316

## Original Application For Writ of Mandamus
### Tex. Code Crim. Proc. Ann. Art. 4.04 & Tex. R. App. Proc. 72

## Jurisdiction & Venue

This is an extraordinary Writ of Mandamus complaint authorized by this Original Application For Writ of Mandamus Pursuant to Tex. R. App. Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04 is unable to pay court costs and initial filing fees is true and correct under the penalty of Perjury. SEE 28 U.S.C. § 1746 for submission for en banc under Tex. R. App. Proc. 76 for want of Jurisdiction under Tex. Const. Art 5 Sec. 5, Tex. Code Crim. Proc. Ann. Art. 4.04 Sec. 1 Tex. R. App. Proc. 72.1, Tex. Govt code 22.001(a) 1,2 & 22.002, 22.221(a)(b) & 22.225(b)(3)(c)(d) On request for a injunctive relief to remand, SEE Tex. R. App. Proc. 44.2(a) Constitutional Error and for relief.

This extraordinary Writ of Mandamus is an order directing a public official to perform a duty exacted by law and will not issue to enforce a duty that is in any degree debatable. SEE State ex rel Wade V. Mays 689 S.W. 2d 898 (Tex. Crim. App. 1985)

## Rule 72 Extraordinary Matter

The Writ of mandamus is an ancient Common Law remedy; an Original Writ issued by a higher court to command a lower court to perform a particular duty, which results from the officials station of the party to whom the writ is directed or from the operation of Positive law, to do or refrain from doing some act SEE In re McAfee 53 S.W. 3d 715,718 (Tex. App- Houston 1st Dist. 2001)

CC:

## Issue Presented

**Ground One:** Relator Received Judicial Misconduct that Violates Due Process of the Eighth Amendment And the Tex. Const. Art. 1, Sec. 12

## Statement of Fact

On April 28 2015 the Relator Boulds filed a Writ of habeas Corpus Art. 11.05 to the Criminal District Court No. 176th of Harris County Tx argue an offer into evidence on (Invalid Indictment) Objection against Judge Stacy Bond for failer to comply with the Tex. Code Crim. Proc. Art. 11.05 Statute that is a duty imposed on an official by law one which is clearly fixed and required by law. The Judicial Misconduct shows to be unequivocal Unconstitutional and present is abuse of discretion.

The Misconduct Act is subject to extraordinary relief when the law clearly spells out the duty to be performed by an official and this application for a writ for a mandamus justify the extraordinary remedy when the Relator Boulds has no other adequate legal remedy available and the relief soughthed is a ministerial act by the Respondent as opposed to a discretionary One; SEE State ex rel Wade V Mays mandamus will lie to review Jurisdictional and Constitutional defects in a Judgement of conviction; the records reveals that the habeas corpus in Art. 11.05 has not been filed with the District Court. This Judicial Misconduct demonstrate an fundamental Miscarriage of Justice from Cruel and unusal Punishment under Art. 1.09 and Tex. Const. Art. 1 § 13 The Original appellate Proceeding seeking extraordinary relief is to include the exhibit complaint of the Original Application For Writ Of Mamdamus Rule 72.1 is attached to this Original Application For Writ habeas Corpus Art. 11.05 for the Court of Criminal Appeals to inforce its Jurisdiction to Order the lower Court to Perform its ministreial Art. 11.05 Statute duty.

## Prayer

Wherefore. Promises Made. Relator Prays that this Honorable Court grant this Mandamus to compel the District Court to Perform its ministerial duty in this Criminal law matter of cruelty, in the name of Justice for Relief. Amen

## Unsworn Declaration

I, Relator Robert K. Boulds #1311781 being Presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice in Potter County, Tx. according to my belief, declare under Penalty of Perjury the facts Stated in this Application are true and correct under V.T.C.A. Civ. Proc. & Rem Code 132.001

May 7 2015
DATE

Robert K. Boulds
Robert K. Boulds #1311781

C.C.:

P. 2

## Certificate Of Service

I. Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above Application has been forwarded by the United States mail system Postage Pre-Paid to the Court of Criminal Appeals of Texas and to Harris County District Clerk at Houston, Tx.

P.O. Box 4651
1201 Franklin St.
Houston, Tx. 77210

May 7, 2015
DATE

Robert K. Boulds
Robert K. Boulds #1311781

LL:

P.3

# The State of Texas

## In The Court of Criminal Appeals of Texas
## At Austin, Texas

The State Of Texas

VS.

In re Robert K. Boulds,
Relator

In Criminal District
Court No. 176th Of
Harris County, Texas
Trial Cause No. 996316
WR-72,089-04

## Motion For leave To File
## Original Application For Writ Of Mandamus
## Tex. R. App. Proc. 72.1, Tex. Code Crim. Proc. Art. 4.04

To The Court Of Criminal Appeals Of Texas: Rule 12

Now comes, Robert K. Boulds arsue and offer into evidence an (Invalid Indictment) objection against the Honorable Judge Stacy Bond, den'ling habeas corpus Art. 11.05 relief and submits this Motion For leave To File under Tex. R. App. Proc. 72.1, respectfully moves this Honorable Court to grant leave to Proceed in this Original Application For Writ of Mandamus. Pursuant to Tex. R. App. Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04, is unable to Pay cost and initial filing fees is true and correct under the Penalty of Perjury See 28 U.S.C. 1746 for submission for enbanc under Tex. R. App. Proc. 76 for want of Jurisdiction under Tex. Const. Art. 5, Sec. 5, Tex. R. App. Proc. 72.1 and Rule 72.2, Tex. Gov't Code X 22.221(a) on request for a injunctive relief to remand. See Tex. R. App. Proc. 44.2(a) Constitutional ERROR.

The Relator Boulds respectfully moves the Court to grant leave to Proceed in the extraordinary matter and the Application to lie tendered contemporaneously with this Motion.

CM.

## Issue Presented

**Ground One:** Relator Received Judicial Misconduct that Violates Due Process of The Eighth Amendment And The Tex. Const. Art 7. Sec. 12

## Statement Of Fact

On April 28, 2015 the Relator Boulds filed a Writ of habeas corpus Art. 11.05 to the Criminal District Court No. 176th Of Harris County Tx. argue and offer into evidence an (Invalid Indictment) objection against Judge Stacy Bond for failure to comply with the Tex. Code Crim. Proc. Ann. Art. 11.05 Statute that is a duty imposed on an official by law on which is clearly fixed and required by law. The Judicial Misconduct Shows to be unequivocal Unconstitutional and Present, is abuse of discretion.

This Judicial Misconduct demonstrate an fundamental Miscarriage Of Justice from cruel and unusal punishment under Art. 1.09 and Tex. Const. Art. 1 Sec. 13, this extraordinary Writ of Mandamus is for the Court Of Criminal Appeals to inforce it's Jurisdiction to order the lower Court to Perform it's Tex. Code. Crim. Proc. Ann. Art. 11.05 duty.

## Prayer

Relator Boulds Prays that this Motion and Application be granted, and for Appellate Court to inforce the District Court to Perform it's ministerial duty in the Criminal law matter of cruelty for Justice for Relief. Amen

## Certificate Of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above Motion has been served on the Honorable Judge Stacy Bond of District Court No. 176th Of Harris County, Tx. and to the Court Of Criminal Appeals Pre-Paid Postage in the United States mail system.

May 7, 2015
DATE

Robert K. Boulds
Robert K. Boulds #1311781

STATE OF TEXAS

ROBERT KEVEN BOULDS
24130 FOUR SIXES
HOCKLEY, TX 77447 **337th GJ**

ICIC CODE: 1115 35

ELONY CHARGE: AGGRAVATED SEXUAL ASSAULT -CHILD
AUSE NO: 996316
ARRIS COUNTY DISTRICT COURT NO: 176th
IRST SETTING DATE:

D.A. LOG NUMBER: 979628
CJIS TRACKING NO.:

SPN: 01093189 BY: TW DA NO: 063436500
DOB: BM 03/18/71
DATE PREPARED: 8/4/2004
AGENCY: HCSO
O/R NO: 0407132177
ARREST DATE: TOBE

RELATED CASES:

BAIL: $30,000 VOL.
PRIOR CAUSE NO:

N THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

he duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, OBERT KEVEN BOULDS, hereafter styled the Defendant, heretofore on or about **JULY 2, 2004**, did then and there unlawfully, intentionally d knowingly cause the penetration of the FEMALE SEXUAL ORGAN of SAVANNA WHITE hereinafter called the Complainant, a person ounger than fourteen years of age and not the spouse of the Defendant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN the Complainant.

GAINST THE PEACE AND DIGNITY OF THE STATE.

337TH

FOREMAN

FOREMAN OF THE GRAND JURY

INDICTMENT

# Affidavit In Any Fact

State of Texas
County of Potter

On this day Personally appeared Robert K. Boulds, declare the Stated as follows:

My name is Robert K. Boulds, I am otherwise competent to make this Affidavit. My records reflect the indictment was served to me on ____ ____ by a Harris County Jailer. Exhibit "A" True Bill of Indictment of Agg. Sexual Assault Of A Child _____ in Cause No. 996316

The indictment is missing (2) two very important elements which makes the indictment in Cause No. 996316 "VOID"
Please See Exhibit "A" indictment

Elements Missing:
The TERM DATE of the Grand Jury
The (Original) File Stamp DATE from the District Clerk's Office

Inmate's Declaration

I, Robert K. Boulds am the Person and being Presently incarcerated in the William P. Clements Unit in Potter County, Tx., declare under Penalty of Perjury that, according to my belief the facts stated in the above Affidavit are true and correct. V.T.C.A. Civil Practice + Remedies Code § 132.001 - 132.003

May 7, 2015

_Robert K. Boulds_
Robert K. Boulds # 1211781

## The State of Texas
## In The Court of Criminal Appeals of Texas
## At Austin, Texas

Ex Parte Robert K. Bourks,
           Appellant,

  VS.

Texas Board of Pardons and Paroles
   VS.

Texas Department Of Criminal Justice-
Correctional Institutions Division   ,
          Respondents,

WR _____

Trial Cause No. _____

## Out-Of-Time Appeal
## Application For Writ of Habeas Corpus
## Tex. Code Crim. Proc. Ann. Art. 11.05

## Jurisdiction & Venue

This is a Out-Of-Time Appeal Complaint authorized by this Original Application For Writ Of Habeas Corpus Under Art. 11.05 Pursuant to Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04 Art. 11.05-Art. 11.65 and this Criminal District Court No. 176th of Harris County, Tx. have Original Jurisdiction in this Out-of-time appeal case under Tex. Code Crim. Proc. Ann. Art. 4.05 The Court Of Criminal Appeals have Original Jurisdiction under Tex. R. App. Proc. Rule 72, Rule 74, Rule 75.1, Rule 78(d), Tex. Code Crim. Proc. Ann. Art. 4.04 See Tex. Gov't Code § 22.002(C) and § 22.221(a)(b) for Submission for En Banc under Tex. R. App. Proc. 41(C) and Rule 76(C) For Grant of Jurisdiction under Tex Gov't Code § 22.001(a).1.2 and § 22.225(b)(3) (C)(d) on request for a injunctive relief to remand. SEE Tex. R. App. Proc. 44.2(a) to grant Motion For leave For A New Trial under Art. 40.001 SEE Motion to Recuse in Tex. R. Civ. P. 18a(1)(b) Tex. R. Civ. Proc. 13, Tex. Civ. Proc. & Rem. Code § Chapter 132 § 14.001-14.0014 and § 15.001 and Benefits.

C.C.:

P. 1

The Appellant, Boulds argue and offer into evidence an(Invalid Indictment) Objection against the Criminal District Court No. 176th of Harris County, Tx denying Appellant's habeas corpus 11.07 for relief under Art. 11.15 and Art. 11.16 when the Court has Knowledge that a Person is "Illegally Restrained" and confined in his Liberty.

The Appellant Boulds object against the Texas Board of Pardons and Paroles and Texas Department of Criminal Justice-Correctional Institutions Division for having Appellant Illegally Restrained and confined.

At the threshold, the District Court and Court of Criminal Appeals must decide whether the Due Process Clause of The United States Constitution forbids the incarceration of an innocence Person. It is clear from a VOID Judgement to Punish an innocence Person is as much a Violation of the Due Process Clause as is the execution of such a Person. It follows that claims of actual innocence are cognizable by this Court in an Original habeas corpus Proceeding whater Punishment assessed is death or confinement. In either case such claims raise of Federal Constitutional magnitude: SEE Ex Parte Bravo 702 S.W.2d 189 (Tex. Crim. App. 1982)

## Issue Presented

Ground One: The Appellant is Actually Innocence Of A VOID Judgement And his Incarceration Violates Due Process Of the Eighth Amendment

Ground Two: The Appellant received Ineffective Assistance Of Counsel Violating The Sixth Amendment and his Texas Constitutional Rights

## Statement Of Fact

Exhibit "A" Invalid Indictment- Tex. Const. Art. I sec. 10
To be valid and effective in a Court of Law (State or Federal) an indictment "MUST" include at least the following elements:

① State the TERM DATE for the Grand Jury Session
② The indictment MUST BE DATE STAMPED
③ Feature A ORIGINAL FILE STAMP DATE of the

C.C.:                               P. 2

District Clerk's Office

Which ALL ARE missing in cause No.996316 Please SEE Exhibit "A" indictment

Thus the Appellant's Due Process Rights were Violated by this suggestive indictment which contained NO ORIGINAL FILE STAMP DATE NOR TERM DATE A.D. that fact convincingly show the Presentment Requirement "WAS NOT" satisfied SEE (Doston V. State) No PD-0614-06 May 23, 2007 Also SEE (United States V. Mojica-Baez) 229 F 3d 292, 309 (2st Cir. 2000)

Facts Supporting Ground One: Appellant is Actually Innocence It is clear by the face of the indictment and lack of evidence the Fourteeth Amendment to the United States Constitution Protects against deprivation of life liberty or Property by the State Without Due Process of Law Daniels V. Williams 474 U.S. 327, 331 106 S. CT. 662 88 L. Ed. 2d 662 (1986) The Judgement is VOID SEE Doston V. State NO PD-0614-06 May 23, 2007 Also SEE Ex Parte Pena 71 S.W. 3d 336, 337 A VOID Judgement or ILLEGAL Sentence or ILLEGAL Judgement is One that is NOT authorized by Law

Facts Supporting Ground Two: Appellant did receive Inneffectine Assistance of Counsel Due to the fact that trial counsel fail to object to the (Invalid Indictment) thus trial counsel was ineffective SEE Cronic 104 S. Ct. 2039 (1984) Also SEE Killes V. Whitely 115 S. Ct. 1555 (1995)

Prayer

Appellant Prays that the Honorable Court grants this application for an Out-of-time Appeal under, Art. 11.05 to Proceed in the complaint of being "ILLEGALLY RESTRAINED" and confined by the above officials and grant Appellant a new trial from a violation of a liberty interest in the name of Justice and for Relief. Amen

CC:                                      P. 3

The trial counsel Hal Hudson trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient, by failure to familiarize himself with the Invalid Indictment the trial counsel's failure to object to the Invalid Indictment at Pre-trial hearing under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside an VOID Indictment under Art. 28.01d this trial counsel constituted ineffective assistance of counsel. SEE Black V. State 816 S.W. 2d 350 Tex. Crim. App. (1990)

## UnSworn Declaration

I, Robert K. Boulds #1311781 Being Presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice in Potter County, Tx. according to my belief declare under Penalty of Perjury, the facts stated in this motion are true and correct under V.T.C.A. Civ. Prac. & Rem. Code § 132.001

May 7, 2015
DATE

Robert K. Boulds
Robert K. Boulds #1311781

## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above Motion has been forwarded by the United States mail System Postage Pre-Paid to the following addresses:

Harris County District Clerk
P.D. Box 4651
Houston, Tx. 77210

Court of Criminal Appeals
At Austin, Tx.

May 7, 2015
DATE

Robert K. Boulds
Robert K. Boulds #1311781

CC:

P. 4